**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE CARLOS RIOS MARTINEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2634-J** |
| | ) | |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Carlos Rios Martinez, a noncitizen[1] proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. Respondents filed a response, Doc. 8, and Petitioner filed a reply, Doc. 9. So, the matter is at issue.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the reasons below, the undersigned recommends that the Court **GRANT** the petition in part and order Respondents to release Petitioner on an appropriate order of supervision (OOS).

## I. Factual background and procedural history.

Petitioner is a citizen of Colombia. Doc. 8, at 1. The Department of Homeland Security paroled him into the United States in November 2019 to face federal drug-trafficking charges. *Id.* After his December 14, 2022 conviction, the Bureau of Prisons released him on December 29, 2022, after which Immigration and Customs Enforcement (ICE) placed him in expedited removal proceedings. *Id.* Petitioner states he cooperated with the United States and received a reduction of his sentence from 108 months to 59 months. Doc. 9, at 2.

On May 12, 2023, an Immigration Judge (IJ) ordered Petitioner removed from the United States but granted his deferral of removal under the Convention Against Torture (CAT) to Colombia. Doc. 9, at 2 & Ex. 3; Doc. 8, at 2. Petitioner waived his appeal of the IJ's decision, making his removal order administratively final on the date of the order. *See* 8 C.F.R. § 1241.1(b) ("An order of removal . . . shall become final . . . [u]pon waiver of appeal by the respondent[.]").

On June 13, 2023, the Government released Petitioner on an OOS. Doc. 8, at 2 & Ex. 4. ICE re-detained Petitioner on July 28, 2026. Doc. 1, at 4; Doc. 8, at 2 & Ex. 5.

Petitioner argues Respondents have violated 8 U.S.C. § 1231(a) and his Fifth Amendment Due Process rights by detaining him "beyond the removal period" and for a "prolonged period" with no likelihood of removing him "in the near future." Doc. 1, at 6. He seeks his immediate release. *Id.* at 7. ICE is currently detaining Petitioner at the Diamondback Correctional Facility in Watonga, Oklahoma. *See id.* at 1.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. Petitioner is entitled to relief under § 1231 and *Zadvydas*.

Under § 1231(a)(1)(A), "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days[.]" The 90-day period is known as the "removal period." *Id.* After the removal period expires, ICE has the discretion to continue to detain certain classes of noncitizens. *Id.* § 1231(a)(6). The "basic purpose" of § 1231 is "assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.

However, detention of a noncitizen subject to an administratively final order of removal may not be "indefinite," and the Supreme Court set the "presumptively reasonable period of detention" under § 1231(a)(6) at six months. *Id.* at 699, 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating "the reasonable period of post-removal detention is presumptively six months"); *Roble v. Pontesso*, 90 F. App'x 334, 336 (10th Cir. 2004) (describing that "[a]s the possibility of removal becomes remote," the purpose of securing a noncitizen's appearance at immigration proceedings "drops out"). "*Zadvydas*'s six-month [reasonableness] presumption applies only to the first six months that elapse after the removal period is triggered." *Abedi v. Carter*, --- F.4th ---, No. 25-3179, 2026 WL 3149141, at *26 (10th Cir. Oct. 21, 2026). "After this 6-month period, once the alien provides

good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Respondent "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

**A. The application of § 1231 to Petitioner's detention.**

**1. Petitioner's claim is not premature.**

Petitioner argues that his "continued detention is unlawful" and that he is "unlikely to be removed in the reasonably foreseeable future." Doc. 2, at 10. Respondents argue that § 1231 authorizes Petitioner's detention and that Petitioner's *Zadvydas* claim is premature. *See* Doc. 8, at 8-10. The Court should disagree.

Under § 1231(a)(2), the Attorney General "shall" detain noncitizens during the "removal period." Under § 1231(a)(1)(B), the removal period begins on the latest of the applicable statutory triggering dates. Here, that date was May 12, 2023, when Petitioner's removal order became administratively final. *See* 8 C.F.R. § 1241.1(b); *see also Abedi*, 2026 WL 3149141, at *14 (citing to 8 U.S.C. § 1231(a)(1)(B) to determine the beginning of the removal period).

As of May 12, 2023, Petitioner has been subject to a final administrative removal order. *See* 8 C.F.R. § 1241.1(b). The 90-day removal period ended on August 10, 2023, and the six-month presumptively reasonable detention period under *Zadvydas* ended November 12, 2023. *See, e.g.*, *Abedi*, 2026 WL 3149141,

at *26 ("*Zadvydas's* six-month presumption applies only to the first six months that elapse after the removal period is triggered."). ICE re-detained Petitioner on July 28, 2026, well after the six-month period of presumptively reasonable detention had expired. Doc. 1, at 4. So Petitioner's *Zadvydas* claim is not premature. *See, e.g.*, *Abedi*, 2026 WL 3149141, at * 27 (holding the district court "erred in interpreting *Zadvydas* to create a new six-month period of presumptively reasonable detention every time a noncitizen is detained").

**2. There is good reason to believe removal is not reasonably foreseeable.**

Respondents also argue that Petitioner has not met his initial burden because he has not provided good reason to believe that there is no significant likelihood of removal to a third country in the reasonably foreseeable future. Doc. 8, at 10. The undersigned concludes that Petitioner has met his initial burden under *Zadvydas*.

To satisfy the burden under *Zadvydas*, a petitioner "must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025); *see also Khaliq v. Noem*, 828 F. Supp. 3d 1260, 1268 (W.D. Okla. 2026) (confirming that Judges in this District have "looked to whether

the petitioner has demonstrated institutional barriers to repatriation or obstacles particular to his removal"). A petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. Rather, a petitioner need only demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701.

Here, the undersigned finds that Petitioner has established good reason. Over three years have elapsed since Petitioner's final order of removal, and ICE has failed to secure Petitioner's removal to a third country, much less identify a potential third country. Deportation Officer Kara Gabriel confirms Petitioner "is not on a manifest to transfer in the foreseeable future." Doc. 8, Ex. 1, at 3. This "inaction and/or lack of progress in effectuating removal" over the course of years, "is precisely what *Zadvydas* guards against." *Khaliq*, 828 F. Supp. 3d at 1271; *see also Douglas v. Baker*, 812 F. Supp. 3d 525, 530 (D. Md. 2025) (finding that passage of time coupled with "the absence of any evidence that the government has used that time to advance efforts to remove" the petitioner demonstrates that petitioner's detention was no longer authorized by *Zadvydas*).

Petitioner cites case law in his favor—citing cases where no country will accept the petitioner and where ICE fails to take action to secure travel

documents for a prolonged period. Doc. 2, at 10. He states he does not oppose the possibility of being deported to a third country, but he seeks to guarantee he will not face any risk of persecution. Doc. 9, at 4.

Since detaining Petitioner in July 2026, ICE has failed to make meaningful progress in securing his removal. *See Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1184 (E.D. Cal. 2025) (finding that petitioner satisfied his burden when he alleged that respondents "failed to provide notice of any progress that has been made over the past seven months to effectuate [petitioner's] removal"); *Trejo v. Warden of ERO El Paso E. Mont.*, 807 F. Supp. 3d 697, 706 (W.D. Tex. 2025) (finding that petitioner met his burden by demonstrating, in part, "that ICE has not identified a third country that will accept him"). The undersigned finds Petitioner has met his initial burden.

**3. Respondents have not rebutted Petitioner's showing.**

Because Petitioner has established good reason to believe that there is no significant likelihood of removal to a third country in the reasonably foreseeable future, Respondents must provide evidence sufficient "to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, the undersigned finds that Respondents' argument fails to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents argue Petitioner "fails to address

why his removal to another country is not significantly likely." Doc. 8, at 10. This reverses the burden when Respondents identify no third country, present no travel documents, and admit Petitioner "is not on a manifest to transfer in the foreseeable future." *Id.* Ex. 1, at 3.

In sum, Respondents have not provided evidence sufficient to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. So, the undersigned recommends that the Court grant Petitioner's petition and order his immediate release subject to an appropriate OOS. *See, e.g.*, *Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, at *5-6 (W.D. Okla. Mar. 20, 2026) (ordering the petitioner's immediate release "subject to an appropriate Order of Supervision" after finding a due process violation based on the petitioner's prolonged detention with no reasonable likelihood of removal to Vietnam).

## IV. Recommendation and notice of right to object.

The undersigned recommends that the Court grant the petition insofar as it seeks release under § 1231 and *Zadvydas*. Because statutory relief resolves Petitioner's request for release, the undersigned recommends declining to reach any remaining grounds for relief.

The undersigned recommends that the Court order Petitioner's immediate release subject to an appropriate OOS. The Court should further order Respondents to certify compliance by filing a status report within five business days of the Court's order. The undersigned also recommends that the Court order Respondents to comply with all applicable laws and regulations before any future re-detention of Petitioner, including any applicable exercises of discretion, notice, and opportunity to be heard.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 25, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[2] The undersigned further advises the parties that failure to

---

[2] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 20th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").